UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICE SMITH,**

                      Plaintiff,        Case No.

v.                                      Hon.

**COASTAL PRODUCE DISTRIBUTORS, INC.,**
**COASTAL CARRIERS, LLC,**
**S&W TRANSPORT, LLC,**
**LAWRENCE WEICHEL,**
**CHERIE WEICHEL, AND**
**TODD STADWICK,**

                      Defendants.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

## COMPLAINT

Plaintiff, Patrice Smith, through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Patrice Smith ("Smith") is an individual who resides in Farmington Hills, Oakland County, Michigan.

2. Defendant Coastal Produce Distributors, Inc. ("Coastal Distributors"), is a domestic profit corporation with its place of business in Detroit, Wayne County, Michigan, and which conducts business as "Coastal Produce".

3. Defendant Coastal Carriers, LLC ("Coastal Carriers") is a domestic profit corporation with its place of business in Detroit, Wayne County, Michigan, and which conducts business as "Coastal Produce".

4. Defendant S&W Transport, LLC ("S&W") is a domestic profit corporation with its place of business in Detroit, Wayne County, Michigan, and which conducts business as "Coastal Produce".

5. Defendant Lawrence Weichel ("L. Weichel") was an owner, decision maker, president, manager, and resident agent of the Defendant corporations until 2017.

6. Defendant, Cherie Weichel ("C. Weichel"), is an owner, decision maker, president, manager, and resident agent of the Defendant corporations.

7. Defendant Todd Stadwick ("Stadwick") is an owner, decision maker, and manager of Defendant corporations and manages the day to day operations and pay policies of Defendant corporations.

8. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.* and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

9. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

10. Defendants own and operate a produce distributing company in Detroit, Michigan.

11. Smith was employed by Defendants as a delivery driver from April, 2014 until April 26, 2019.

12. Smith's rate of pay was $13.50 per hour, and he received a pay raise to $15.00 per hour on or about September, 2018.

13. On average, Smith worked 50-55 hours per week.

14. Smith was paid his regular rate of pay for all hours worked for Defendants, and was not paid one and one half times his regular rate of pay for hours worked over 40 hours in one week.

15. Defendants' conduct violates the FLSA because Defendants were required to compensate Smith at least 1 ½ times his regular rate of pay for any hours worked in excess of forty hours per week.

16. At no time during his employment with Defendants was Smith exempt from the overtime provisions of the FLSA.

17. All hours worked by Smith, including overtime hours, were worked at the direction and with the sufferance of Defendants.

18. Defendants' failure to pay overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

19. Smith incorporates the foregoing allegations of this Complaint as if fully stated herein.

20. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

21. Smith is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

22. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

23. Defendants violated the FLSA by failing to pay Smith one and one half times his regular rate of pay for hours worked in excess of 40 per week. 29 U.S.C. § 207(a); 29 U.S.C. § 203(m).

24. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

25. As a direct and proximate cause of Defendants' violation of the FLSA, Smith has sustained damages in the form of unpaid wages and overtime compensation of approximately $10,141.19.

26. Smith is also entitled to liquidated damages and his costs and attorney fees in having to pursue this action against Defendants

**WHEREFORE**, Plaintiff, Patrice Smith, respectfully requests that this Court awards him at least $10,141.19 in actual unpaid wages, an equal amount as liquidated damages, his reasonable costs and attorney fees, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

 */s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

Dated: October 22, 2019