UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICE SMITH,**<br><br>Plaintiff,<br><br>vs.<br><br>**COASTAL PRODUCE DISTRIBUTORS, INC.,** *et al.***,**<br><br>Defendants. | 4:19-CV-13095-TGB-APP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO ALTER/AMEND THE COURT'S SUMMARY JUDGMENT ORDER (ECF NO. 31) |

Before the Court is Plaintiff Patrice Smith's Motion for Reconsideration to Alter and/or Amend the Court's Order Granting Defendants' Motion for Summary Judgment. ECF No. 31. For the reasons explained below, Smith's motion is **DENIED.**

## I. BACKGROUND

Patrice Smith sued Coastal Produce Distributors Inc., Coastal Carriers, LLC, S&W Transport, LLC, and their owners, Lawrence Weichel, Cherie Weichel, and Todd Stadwick, claiming that they violated the Fair Labor Standards Act, 29 U.S.C. § 207(a), by not paying him overtime wages when he worked from them as a delivery driver. Defendants moved for summary judgment, asserting that Smith was not entitled to overtime pay under the FLSA because an exception for motor carriers, § 213(b)(1), applied to his position. Under § 213(b)(1), FLSA's

1

overtime pay provision does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49." Section 31502 of title 49 is often referred to as the Motor Carriers Act ("MCA"), so the § 213(b)(1) exception is known as the MCA exemption.

The then-presiding judge, Honorable Stephanie Dawkins Davis, entered summary judgment for the Defendants. ECF No. 27. Her Order acknowledged that, in interpreting the MCA exemption, courts often looked to Department of Labor guidance and regulations. *See Finn v. Dean Transp., Inc.*, 53 F. Supp. 3d 1043, 1053-55 (M.D. Tenn. Oct. 8, 2014). ECF No. 27, PageID.403. A relevant regulation, 29 C.F.R. § 782.2, interprets the exemption as applying when (1) the employer is a motor carrier, and (2) the employee's activities "directly affect[] the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce."

The Order noted that the central issue at summary judgment was whether Smith's driving—which he asserted occurred only within Michigan—affected interstate commerce under the FLSA. ECF No. 27, PageID.404. It concluded, as the parties had agreed, that *Ex Parte* MC No. 207, 8 I.C.C. 470 (May 8, 1992) ("MC-207"), 1992 WL 93608, an old policy statement by the Interstate Commerce Commission, provided relevant guidance. MC-207 states that, when carriers and shippers

temporarily store goods in warehouses or distribution centers before moving them to a final destination:

> The essential and controlling element in determining whether the traffic is properly characterized as interstate is whether the shipper has a "fixed and persisting intent" to have the shipment continue in interstate commerce to its ultimate destination.

The policy statement further outlines factors to consider in determining whether a shipper manifested this "persisting intent."

In weighing those factors, the Order concluded that, although Smith had driven for the Defendants only in Michigan, the Defendants acquired many of their goods from out-of-state suppliers for final sale and distribution in Michigan and Ohio, and Smith's driving was part of a "practical continuity of movement" of those goods between state lines. ECF No. 27, PageID.412-13. The Order considered but rejected an argument by Smith that the out-of-state suppliers, rather than the Defendants, were the "shippers" for purposes of the "persisting intent" analysis under MC-207. *Id.* at PageID.413-14. In the end, the Order concluded that the Defendants had shown a "persisting intent" to ship goods in interstate commerce, so the MCA exemption applied, and Smith was not entitled to overtime pay. *Id.* at .412-16.

After the entry of judgment, ECF No. 29, Smith retained new counsel and filed a timely motion to alter the judgment under Federal Rule of Civil Procedure 59(e), ECF Nos. 30-32. Judge Dawkins Davis ordered the Defendants to respond, ECF Nos. 33 and 34, and permitted

3

Smith to file a reply, ECF No. 36. While the motion was pending, the case was transferred to the undersigned following Judge Dawkins Davis's appointment to the United States Court of Appeals for the Sixth Circuit. *See* Text-only docket entry of June 21, 2022. Having reviewed the prior proceedings and the parties' briefing, the Court is now prepared to resolve Smith's motion.

## II. LEGAL STANDARD

The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted). This standard is consistent with the "palpable defect" standard found in this District's Local Rules. *Id.* Under Local Rule 7.1(h)(3),[1] the Court

> Generally ... will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[1] The Eastern District of Michigan has amended its local rules, effective December 1, 2021. For purposes of this motion, the Court refers to the version of the local rules in effect at the time of filing. *See Menefee v. M.D.O.C.*, No. 20-CV-13399, 2022 WL 1792757, at 1 (E.D. Mich. June 1, 2022).

Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Nor is it a vehicle for re-litigation of previously considered issues. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

### III. ANALYSIS

Smith contends that the Court committed a "clear error of law" in applying the test for determining whether his driving affected interstate commerce within the meaning of the FLSA. In particular, he takes issue with the Court's focus on the Defendants—rather than on their suppliers—as the "shippers" in evaluating whether there was a "persisting intent" to move goods in interstate commerce.

First, citing a Department of Labor Field Operations Handbook which was not referenced by either party at summary judgment—Smith asserts that the Court erroneously classified the Defendants as "shippers" when they are in fact "importers." ECF No. 31, PageID.433-38. According to Smith, this error is fatal because an "importer" can never be a "shipper." In a footnote, he suggests that the Court further erred in using MC-207 rather than the Handbook as guidance. *Id.* at PageID.436.

As an initial matter, the parties agreed at summary judgment that MC-207 provided relevant guidance. And the Court explained why it concurred that this thirty-year-old policy statement by a no-longer-existing agency remained relevant. ECF No. 27, PageID.404-05. The

5

Department of Labor has referenced it, courts still use it, and Smith supplies no authority repudiating it. *See* January 11, 2005, Opinion Letter, "Intra/interstate transportation of gasoline and section 13(b)(1)," FLSA 2005-10; *see also, e.g.*, *Edwards v. Aramark Uniform & Career Apparel, LLC*, No. 14 C 8482, 2016 WL 236241, at *8 (N.D. Ill. Jan. 19, 2016); *Finn v. Dean Transp., Inc.*, 53 F. Supp. 3d 1043, 1054 (M.D. Tenn. Oct. 8, 2014). On reviewing the Handbook, the Court cannot discern any clear, substantive difference between it and MC-207. The Department of Labor itself advises that the Handbook "is not used as a device for establishing interpretative policy" and contains several "technical revisions that do not affect the substance" of earlier guidance. *See* U.S. Dep't of Labor, Wage & Labor Div., *Field Operations Handbook,* https://www.dol.gov/agencies/whd/field-operations-handbook/ (last visited Sept. 27, 2022).

More damaging to Smith is the fact that this argument merely rehashes his position at summary judgment—namely, that the suppliers' intent, rather than the Defendants' intent, controls the analysis. *See* Response to Motion for Summary Judgment, ECF No. 20, PageID.347-48. The Court has already considered that argument and carefully delineated its reasons for rejecting it. Though it is true that the Court did address the "importer"/"shipper" distinction and terminology that Smith now draws to the Court's attention, it is not entirely clear that this change in terminology would affect the analysis. Nor does the

6

Handbook on which Smith now relies provide clear support for his position that an "importer" is never a "shipper." To the contrary, it advises that "the shipper of the commodities into the state … may or may not also be the importer." *Handbook*, § 24d02.

Smith next attempts to distinguish the caselaw on which this Court relied in rejecting his argument at summary judgment. ECF No. 31, PageID.438-42. He notes that the Defendants did not produce the goods they sold and points to a few new cases which, according to him, establish that a defendant cannot be a "shipper" unless that defendant also produces the goods they are shipping. *Id.*

But again, the parties have already litigated whether the Defendants or their suppliers are the "shippers" for purposes of determining whether there was a "persisting intent" to move goods in interstate commerce. Smith's disagreement with how the Court chose to apply persuasive authority falls short of establishing a "clear error of law" entitling him to Rule 59(e) relief. What's more, the decisions on which he now relies are subject to interpretation and do not conclusively support his arguments. *See Tang v. Wing Keung Enters. Inc.*, No. 14 CV 390, 2016 WL 6110454, at *11 (E.D.N.Y July 11, 2016) (not addressing shipper/manufacturer distinction); *Smith v. Werner Enters.*, No. 14-0107-WS-B, 2015 WL 4429046, at *4 (S.D. Ala. July 20, 2015) (same); *Horn v. Dig. Cable & Commc'ns, Inc.*, No. 1:06 CV 325, 2008 WL 7137186, at *8 (N.D. Ohio June 12, 2008) (same).

## IV. CONCLUSION

Smith's arguments do not clear the high bar for granting Rule 59(e) relief. Accordingly, the Motion for Reconsideration to Alter and/or Amend the Court's Order Granting Defendants' Motion for Summary Judgment (ECF No. 31) is **DENIED**. No new judgment will issue. This case is closed.

**IT IS SO ORDERED**, this 29th day of September, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge